UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In Re:                                          )
                                                )
ANGELA M. COVINGTON,                            )      Case No. 09-52354-659
                                                )      Chapter 13
                                                )
                              Debtor.            )      **PUBLISHED**


<u>**O R D E R**</u>


The matter before the Court is Debtor Angela Covington's (hereinafter "Debtor") Objection to Proof of Claim 10 [sic] and Response to Objection to JPMorgan Chase Bank, N.A.'s Proof of Claim filed by Debtor.  An initial hearing was held on the matter on September 7, 2010 at which Debtor appeared *pro sé* and Creditor JPMorgan Chase Bank, N.A. (hereinafter "Creditor") was represented by counsel.  At that time, Debtor produced Exhibits A-V.  The matter was continued to September 23, 2010 to provide Creditor with an opportunity to review Debtor's Exhibits.  On September 23, 2010, the parties appeared, brief oral argument was presented and the matter was taken under submission.

Creditor filed a proof of claim in the amount of $61,777.64.  Debtor argues that Creditor's claim was paid in full when Debtor tendered a money order to Creditor in the amount of $50.00 and marked "PAID IN FULL" on the money order below Debtor's signature.  The money order was accompanied by a letter dated October 2, 2009 addressed to Creditor wherein Debtor states the following: "[a]ttached is my money order marked to pay in full the debt owned [sic] to Chase since due to unemployment I have not been able to recompense the full amount which was discussed on the telephone with your company. This is payment in Full on this account." Exhibit P.  Debtor argues that although more than $60,000.00 was owed to Creditor, this debt was satisfied by Debtor's $50.00 tender of payment pursuant to Missouri Statute Section 400.3-311.

Missouri Statute Section 400.3-311 states that a claim is discharged by accord and

satisfaction if the person against whom a claim is asserted proves the following:

> (a)(i) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, (ii) the amount of the claim was unliquidated or subject to a bona fide dispute, and (iii) the claimant obtained payment of the instrument [and] (b)...the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim.

Mo. Rev. Stat. § 400.3-311(a)(b) (2010).

Here, Debtor fails to prove the first and second prongs. As to the second prong, in none of Debtor's exhibits, to the inclusion of Debtor's narrative of all the communications between Debtor and Creditor/Creditor's predecessors as contained in Exhibit V, does Debtor assert that there is a bona fide dispute as to the amount that is outstanding on the debt. All communications between the parties were either to inform Debtor of who is servicing the note, to provide Debtor with information as to whom may be contacted if she has questions regarding her note or were discussions on possible debt relief or loan modifications. At no time does Debtor dispute the amount outstanding nor does Debtor claim and show proof that the outstanding balance has actually been paid in full while Creditor's records indicate an outstanding balance. There is no bona fide dispute as to the amount of Creditor's claim, nor can Debtor reasonably argue that the debt is unliquidated. To the contrary, Debtor admits that the $50.00 does not satisfy the full amount owed in Debtor's October 2, 2009 letter to Creditor. One cannot claim a good faith tender of a money order in full satisfaction of a debt when one has knowledge of the full amount of the debt and one then tenders in effect 8/100ths of 1% of the full amount of the debt ($50.00/$61,777.64 = 0.08). Debtor therefore cannot prove the first prong of Missouri Statute Section 400.3-311.

Missouri Statute Section 400.3.311 controls in disputes where parties reasonably believe that a payment made actually satisfies the amount that is owing and outstanding on a debt, while the opposing party reasonably believes that a different amount is outstanding, however for whatever reason knowingly accepts lesser payment in accord and satisfaction of the debt. *See CGI*

*Silvercote, Inc. v. Custom Warehouse, Inc.,* 77 S.W.3d 699 (Mo. App. 2002).  This is not the case here.  Therefore,

**IT IS ORDERED THAT** Debtor's Objection to Proof of Claim 10[sic] is OVERRULED and Proof of Claim 1 of Creditor JPMorgan Chase Bank will be allowed in the amount of $61,777.64.

KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED:  October 29, 2010
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Angela M. Covington
PO Box 1409
Jefferson City, MO 65102

John V. LaBarge, Jr
Chapter 13 Trustee
P.O. Box 430908
St. Louis, MO 63143

Cynthia M. Woolverton
Millsap and Singer, LLC
612 Spirit Drive
St. Louis, MO 63005

3